■ HOWARD T. THOMPSON et al., Respondents, v RONALD L. JOHNS, Appellant, et al., Defendants. (Appeal No. 3.)—Order affirmed, without costs. All concur, except Hancock, Jr., J., who dissents and votes to reverse the order and grant the motion, in the following memorandum.

Hancock Jr., J. (dissenting). It is only in the exceptional negligence case that summary judgment against the plaintiff is warranted (see *Andre v Pomeroy,* 35 NY2d 361; *Haig v Channing Co.,* 54 AD2d 992). Where the issue presented is proximate cause, the record, to support summary judgment, must demonstrate conclusively that as a matter of law there can be no causal relationship between any alleged negligence on the part of the defendant and the injuries suffered by the plaintiff. Thus, while I agree with the affirmance of the denial of the motion for summary judgment by defendants Veniskey, I am convinced that with respect to the motions by defendants Ange, Cardonio, and Johns this is the exceptional case and that the motions should have been granted. A series of automobile accidents occurred in the midmorning of March 23, 1977 on the eastbound portion of Route 490 East near the Penfield Road exit in Brighton, New York, near Rochester. Road conditions were slippery and, in an attempt to avoid a swerving tractor trailer truck, a pickup truck owned and operated by defendant Ronald Johns slid off the highway onto the right shoulder. A pickup truck owned by defendants Nicholas Ange and Arthur Cardonio and operated by Ange, also skidded to the right shoulder and collided with the Johns vehicle. Both drivers brought their trucks to a stop on the right-hand shoulder of the road. New York State Trooper De May arrived upon the scene, parked his vehicle on the right-hand shoulder to the west of the two trucks. Approximately 15 minutes later, the vehicle owned and operated by plaintiff, Dr. Howard Thompson, proceeding eastward on Route 490 in the left lane, was struck from behind by a vehicle owned by defendant Theresa Veniskey and operated by defendant David Veniskey in which plaintiff Jean Opaczewski was a passenger. Thompson pulled his automobile onto the right shoulder to the east of the Ange and Johns vehicles. Veniskey came to a stop close behind (i.e., to the west of) the Thompson vehicle. Shortly thereafter, a third collision occurred between two other eastbound vehicles: one owned and operated by defendant Jose Rivera and one owned and operated by defendant Gary Graziano. Rivera in his examination before trial testified that he was traveling eastward in the right lane with the flow of traffic at 30 or 40 miles per hour. He saw the police car at the side of the road but did not see the pickup trucks. He did not brake. Suddenly he felt an impact to the rear of his car and pulled off the road. Graziano testified that he was traveling eastward in the left lane with the flow of traffic at about 20 miles per hour. He saw the lights of the police car ahead but did not see the pickup trucks; nor did he observe traffic merging into the left lane. The driver of the car ahead of him in the left lane (Rivera) braked and began to lose control. Graziano pulled into the right lane to avoid the Rivera vehicle; however, it skidded into the right lane, hitting the Graziano car and knocking it out of control. The Graziano vehicle swerved off the highway to the right, struck Opaczewski who was standing at the rear of the Veniskey vehicle, and crashed into the Veniskey vehicle, severely injuring Thompson who was standing between the Veniskey and Thompson vehicles. The record contains no proof that any act or omission on the part of defendants Ange or Johns caused or contributed to the Rivera-Graziano or Graziano-Veniskey accidents or the resultant injuries. There is no evidence and no contention that the Ange or Johns vehicles or any conditions resulting from the Ange-

Johns or Thompson-Veniskey accidents created any obstruction in the path of Rivera or Graziano or caused either driver to alter the course, speed or operation of his vehicle. Furthermore, because neither the presence of the vehicles involved in the previous accidents or the traffic conditions created thereby, or the observations of these factors by Graziano or Rivera influenced them in the operation of their vehicles or had any causal connection with the happening of the Graziano-Rivera accident, any alleged negligence on the part of Ange or Johns for failure to warn Rivera and Graziano of the conditions ahead could not have been a proximate cause of the accident. In any event, a warning by Ange or Johns would have served no purpose because both Rivera and Graziano testified that they observed the revolving red light on top of the police car parked to the west of the other vehicles. Even if the evidence supported a finding that there was some negligence on the part of Ange or Johns which caused or contributed to the first two accidents (i.e., the Ange-Johns and Thompson-Veniskey accidents), Ange and Johns could not properly be found liable for the plaintiffs' injuries. Subsequent to the Ange-Johns and Thompson-Veniskey accidents, a static condition existed which could not have led to the injuries of the plaintiffs were it not for the independent intervening event of the Rivera-Graziano accident, an event which the unrefuted evidence shows was not related in any way to any action or condition caused by Ange or Johns (see *Sheehan v City of New York*, 40 NY2d 496; *Gralton v Oliver*, 277 App Div 449, affd 302 NY 864). (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.