Johns or Thompson-Veniskey accidents created any obstruction in the path of Rivera or Graziano or caused either driver to alter the course, speed or operation of his vehicle. Furthermore, because neither the presence of the vehicles involved in the previous accidents or the traffic conditions created thereby, or the observations of these factors by Graziano or Rivera influenced them in the operation of their vehicles or had any causal connection with the happening of the Graziano-Rivera accident, any alleged negligence on the part of Ange or Johns for failure to warn Rivera and Graziano of the conditions ahead could not have been a proximate cause of the accident. In any event, a warning by Ange or Johns would have served no purpose because both Rivera and Graziano testified that they observed the revolving red light on top of the police car parked to the west of the other vehicles. Even if the evidence supported a finding that there was some negligence on the part of Ange or Johns which caused or contributed to the first two accidents (i.e., the Ange-Johns and Thompson-Veniskey accidents), Ange and Johns could not properly be found liable for the plaintiffs' injuries. Subsequent to the Ange-Johns and Thompson-Veniskey accidents, a static condition existed which could not have led to the injuries of the plaintiffs were it not for the independent intervening event of the Rivera-Graziano accident, an event which the unrefuted evidence shows was not related in any way to any action or condition caused by Ange or Johns (see *Sheehan v City of New York*, 40 NY2d 496; *Gralton v Oliver*, 277 App Div 449, affd 302 NY 864). (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.

■ JEAN OPACZEWSKI et al., Respondents, v RONALD L. JOHNS, Appellant, et al., Defendants. (Appeal No. 4.)—Order affirmed, without costs. All concur, except Hancock, Jr., J., who dissents and votes to reverse the order and grant the motion, in the same memorandum as in *Thompson v Johns* (77 AD2d 805). (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.

■ HOWARD T. THOMPSON et al., Respondents, v NICHOLAS ANGE et al., Appellants, et al., Defendants. (Appeal No. 5.)—Order affirmed, without costs. All concur, except Hancock, Jr., J., who dissents and votes to reverse the order and grant the motion, in same memorandum as in *Thompson v Johns* (77 AD2d 805). (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Cardamone J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.

■ JEAN OPACZEWSKI et al., Respondents, v NICHOLAS ANGE et al., Appellants, et al., Defendants. (Appeal No. 6.)—Order affirmed, without costs. All concur, except Hancock, Jr., J., who dissents and votes to reverse the order and grant the motion, in same memorandum as in *Thompson v Johns* (77 AD2d 805). (Appeal from order of Monroe Supreme Court—summary judgment.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ.

■ ANDREW P. KRULY et al., Respondents, v EASTMAN KODAK COMPANY, Appellant.—Judgment and order unanimously affirmed, with costs. Memorandum: Defendant appeals from judgments awarding plaintiffs damages in a negligence action. The claim arose when plaintiff, Andrew P. Kruly, a truck driver for Allied Chemical Corporation, was delivering a tankload of nitric acid to defendant's Rochester plant. Before unloading the acid, he was required to wait until the defendant's authorized personnel accepted it. During that time he joined a kodak employee in defendant's