HOWARD T. THOMPSON et al., Appellants, v NICHOLAS ANGE et al., Defendants, GARY A. GRAZIANO, an Infant, et al., Appellants, and BOARD OF EDUCATION OF EAST IRONDEQUOIT CENTRAL SCHOOL DISTRICT et al., Respondents.

JEAN OPACZEWSKI et al., Appellants, v NICHOLAS ANGE et al., Defendants, GARY A. GRAZIANO, an Infant, et al., Appellants, and EAST IRONDEQUOIT CENTRAL SCHOOL DISTRICT et al., Respondents.

HOWARD T. THOMPSON et al., Appellants, v NICHOLAS ANGE et al., Defendants, BOARD OF COOPERATIVE EDUCATIONAL SERVICES, No. 1, Respondent, and GARY A. GRAZIANO, an Infant, et al., Appellants.

JEAN OPACZEWSKI et al., Appellants, v NICHOLAS ANGE et al., Defendants, BOARD OF COOPERATIVE EDUCATIONAL SERVICES, No. 1, et al., Respondents, and GARY A. GRAZIANO, an Infant, et al., Appellants.

Fourth Department, November 13, 1981

APPEARANCES OF COUNSEL

*Culley, Marks, Corbett, Tanenbaum, Reifsteck & Potter (Merle Troeger* of counsel), for Howard T. Thompson and another, appellants.

*Middleton, Wilson, Boylan & Gianniny (John Wilson* of counsel), for Jean Opaczewski and others, appellants.

*Foster & Foster (Edwin Foster* of counsel), for Ronald L. Johns, appellant.

*Hickey, McHugh & Garlick (Thomas McHugh* of counsel), for Gary A. Graziano and another, appellants.

*Mercer & Burke (John Burke* of counsel), for Jose E. Rivera, appellant.

*Sullivan, Gough, Skipworth, Summers & Smith (William Gough* of counsel), for East Irondequoit Central School District, respondent.

*Winchell, Connors & Corcoran (Joseph Fritsch, Jr.,* of counsel), for Board of Cooperative Educational Services, No. 1 and another, respondents.

### OPINION OF THE COURT

SCHNEPP, J.

The issue for resolution is whether school authorities are liable in negligence to members of the driving public for injuries caused by a student's operation of his car on a public highway in violation of school rules. Plaintiffs sue the Board of Cooperative Educational Services, No. 1 (BOCES), the East Irondequoit School District, et al. (East Irondequoit), and the student Gary Graziano, as well as others, for serious personal injuries suffered by them in a multiple car accident which occurred on Interstate Route 490 East near Rochester in the midmorning of March 23, 1977. Plaintiffs claim that BOCES and East Irondequoit are liable for their damages because these defendants, through negligent supervision and failure to enforce their own rules, permitted Graziano, then a student at the Foreman Center operated by BOCES, and at Eastridge High School operated by East Irondequoit, to drive his own automobile from Eastridge to the Foreman Center; the accident occurred en route. Plaintiffs and certain codefendants appeal from Special Term's orders granting BOCES'

and East Irondequoit's motions for summary judgment which were made on the ground that there is no triable issue of fact or justiciable controversy between plaintiffs and the moving defendants. Special Term held that as a matter of law these defendants owed no duty of care to plaintiffs in the manner in which they supervised and enforced their rules governing driving by students to the Foreman Center. We agree.

We have previously affirmed the denial of summary judgment to several of the other codefendants *(Thompson v Johns,* 77 AD2d 805, and decisions reported at pp 805-806).* Defendants BOCES and East Irondequoit, however, stand on a different footing.

The record establishes that Graziano, a student in the tenth grade at Eastridge, was enrolled in a vocational training program at the Foreman Center. Prior to the accident Graziano's vehicle had been parked at Eastridge pursuant to an East Irondequoit parking permit. At the time of the accident he was driving his car from Eastridge to the Foreman Center for the purpose of attending vocational classes that were offered to Eastridge students and others. There is no question that Graziano, by driving his own car on a public highway to the Foreman Center, violated various rules of BOCES and East Irondequoit, including those requiring that all Eastridge students attending BOCES classes ride on a regularly scheduled bus to the Foreman Center unless they have written parental permission to drive their own car and possess a Foreman Center parking permit. Plaintiffs assert that BOCES and East Irondequoit, by the adoption of these rules, perceived a risk to the public in student driving and, accordingly, had a duty to supervise their students and to enforce the rules to prevent student driving on public highways during school hours. This duty was violated, according to plaintiffs, by not taking attendance on the BOCES buses and by only spot-checking compliance with the no-driving rule, despite notice to both BOCES and East Irondequoit that the rule was being violated. A reasonable trier of fact could find, on the record in this case, that Graziano would not

* The facts of the underlying accident are set out in the dissenting memorandum of HANCOCK, JR., J., in *Thompson v Johns* (77 AD2d 805-806).

have been on the highway on March 23, 1977 had the schools taken appropriate steps to supervise students to prevent unauthorized school-hour driving or to enforce school rules against such driving.

However, a finding that the schools were negligent in enforcing their rules would not establish legal liability on the part of these defendants. "[B]efore a defendant may be held liable for negligence it must be shown that the defendant owes a duty to the plaintiff" *(Pulka v Edelman,* 40 NY2d 781, 782). "Without duty, there can be no breach of duty, and without breach of duty there can be no liability" *(Williams v State of New York,* 308 NY 548, 557). Absent this showing, even though defendants may be negligent, it is, at best " 'negligence in the air' " for which they cannot be held accountable *(Martin v Herzog,* 228 NY 164, 170).

We have been unable to find any reported case in New York which defines the responsibility of a school for injuries caused by its students to nonstudents off school grounds (see, generally, Ann., 38 ALR3d 830). All the cases cited by plaintiffs involve injuries to students who were within the physical custody of the school at the time of injury. Indeed, schools have only been held to have a duty to supervise their students and protect them from risks of harm from each other (see, e.g., *Ohman v Board of Educ.,* 300 NY 306; *Hoose v Drumm,* 281 NY 54; *Lauricella v Board of Educ.,* 52 AD2d 710), and from others, if the school has physical custody of and control over them *(Pratt v Robinson,* 39 NY2d 554, 560).

The standard of care applicable to a school's supervision of its students is the same standard of care generally applicable to the State when it has custody of a mental defective *(Excelsior Ins. Co. of N.Y. v State of New York,* 296 NY 40) or a parolee *(Wasserstein v State of New York,* 32 AD2d 119, affd 27 NY2d 627), or to a county when it has charge of a delinquent child *(Staruck v County of Otsego,* 285 App Div 476) — that is, the degree of supervision which a parent of ordinary prudence would undertake in comparable circumstances *(Lawes v Board of Educ.,* 16 NY2d 302, 305; *Hoose v Drumm,* 281 NY 54, 57-58, *supra; Swiatkowski v Board of Educ.,* 36 AD2d 685). Yet even a parent who negligently supervises his child is not liable for

the child's tortious conduct unless, for example, he entrusts a dangerous instrument to his child (see *Holodook v Spencer,* 36 NY2d 35, 45; e.g., *Nolechek v Gesuale,* 46 NY2d 332 [motorcycle operated by partially blind 16 year old]; *Bucholtz v Grimmer,* 50 AD2d 1062 [chain saw in hands of a 17 year old]), or fails to restrain his child's conduct when he knows of the child's dangerous propensities (see *Steinberg v Cauchois,* 249 App Div 518). The State is not liable for the acts of an escaped mental patient unless it knows that the patient requires confinement and might do harm if allowed to escape *(Excelsior Ins. Co. of N. Y. v State of New York,* 296 NY 40, *supra; Higgins v State of New York,* 24 AD2d 147). A parole officer is not responsible for the violent conduct of a parole violator unless the parolee's past history and record shows previous acts of physical violence or proclivity toward such conduct *(Wasserstein v State of New York,* 32 AD2d 119, *supra).*

We hold that a similar rule applies to schools in the circumstances of this case. The uncontroverted proof was that Graziano was a licensed driver. The schools' awareness of reckless driving by some students and their concern for student safety is not sufficient to show that Graziano was anything but the average 17 year old whom the Legislature has determined may be licensed to drive. There is no claim that the schools had notice that Graziano was an incompetent driver. The risk that Graziano would be involved in an automobile accident was no greater than the risk incurred by the operation of an automobile by any average 17-year-old driver. Violation of the no-driving rule did not increase the risk of accident in any way; that risk existed regardless of any rule.

Finally, plaintiffs' argument that BOCES and East Irondequoit assumed a legal duty to plaintiffs by making rules prohibiting student driving between Eastridge and the Foreman Center has no merit. Beneficial conduct creates legal responsibility only where corresponding inaction on the part of others results (see *Florence v Goldberg,* 44 NY2d 189, 197; *Moch Co. v Rensselaer Water Co.,* 247 NY 160, 167; *Zibbon v Town of Cheektowaga,* 51 AD2d 448, 453). There is no evidence in this record that plaintiffs, or anyone else, relied on either the no-driving rule or the

failure of the schools to supervise and enforce compliance with the rule.

In short, although plaintiffs have been grievously injured in an automobile accident caused by a student driver violating a school rule and although driving by teenagers may be a matter of concern to schools and to the general public, we are not prepared to hold that these schools had the duty to shield the public from a student operating an automobile off the school grounds in violation of school rules. With or without rules, neither BOCES nor East Irondequoit has any duty to members of the driving public to keep their student Graziano off the public highways with his automobile during school hours. It would be extending the legal consequences of wrongs beyond a controllable degree to hold that the use of an automobile by a licensed operator under these circumstances constitutes an unreasonable risk to others for which these schools may be liable.

Accordingly, the orders at Special Term should be affirmed and the complaints of plaintiffs against these defendants dismissed.

SIMONS, J.P., CALLAHAN, DENMAN and MOULE, JJ., concur.

Orders and judgments unanimously affirmed, without costs.