■ Linda M. Brazell, Individually and as Parent and Natural Guardian of Colin P. Brazell, an Infant, Respondent, v Board of Education of Niskayuna Public Schools, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Lynch, J.), entered September 18, 1989 in Schenectady County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this personal injury action to recover for damages caused when her teen-aged son Colin stole an oxidizing agent (sodium chlorate) from defendant's science lab during school hours on April 23, 1987. A fire somehow started

---

later that night at plaintiff's home and burned Colin's leg and personal property belonging to plaintiff. As a result, plaintiff basically alleges that defendant negligently supervised and allowed the boy to have access to the dangerous chemical without adequate warnings or precautions. Defendant denied these allegations and raised contributory negligence as a defense. Defendant brought a motion for summary judgment claiming, among other things, that Colin's wrongful act in stealing the chemicals was the sole proximate cause of his injuries. Supreme Court denied defendant's motion and this appeal ensued.

There must be a reversal. In our view, Supreme Court incorrectly denied defendant's motion for summary judgment. To prevail on a summary judgment motion, it is incumbent upon the moving party to initially tender evidentiary proof in admissible form sufficient to warrant the direction of summary judgment in his or her favor (CPLR 3212 [b]). Among other items attached to defendant's motion papers is the transcript of Colin's examination before trial. In his testimony, Colin relates that his science class on the day of the accident was conducted from approximately 1:45 P.M. to around 2:30 P.M. An assignment that day was to measure out five grams of sodium chlorate with his lab partner to put aside for an experiment for the next class. After taking the container and measuring the five grams, Colin admitted he took an unspecified extra amount of the chemical and secreted it in his pants pocket so that he could take it home to burn with matches. He claims that he was told by another student that the chemical would burn and sparkle like firecrackers if ignited. Significantly, Colin admits that his teacher specifically told the class to never remove chemicals from the classroom and also that his teacher had gone over the safety procedures in the classroom with him. Once Colin had taken the chemical, he carried it around in his pocket all day until approximately 10:00 P.M. when he was upstairs in his bedroom with two younger cousins. At that time, Colin claimed that the chemical spontaneously ignited in his pocket causing him injuries. Although Colin claimed that there were no matches in his room, this assertion is contradicted by the police report attached to defendant's papers stating that two matchbook pieces were found at the scene.

Based on this and other information, defendant established its entitlement to summary judgment as a matter of law. Plaintiff argues that there are still questions of fact as to how detailed the science teacher's warnings were and how ade-

quate the safety precautions were. Plaintiff points out, based on the teacher's deposition, that the chemical was not kept in a locked desk. However, because the chemical was being used in class that day and Colin received it from the teacher himself for class use, this fact is hardly surprising and raises no inference of negligence. In any event, it is our opinion that even if the science teacher was negligent in any way by reason of being unable to watch some 28 students every minute of the time they were there, Colin's intervening culpable act in intentionally stealing the chemical constituted a superseding force absolving defendant from any liability (see, Mesick v State of New York, 118 AD2d 214, 218, lv denied 68 NY2d 611). It is clear from Colin's own testimony that his conduct, aside from being unforeseeable by others, went beyond mere contributory negligence and rose to such a level of culpability as to replace any negligence on the part of defendant as the legal cause of the accident (see, supra; see also, Roberts v Town of Colchester, 139 AD2d 819, 821-822).

The instant case is distinguishable from Kush v City of Buffalo (59 NY2d 26), where a school was held liable for the injuries of a small child who found dangerous chemicals that had been stolen earlier by two unsupervised juvenile workers from an unlocked storeroom in the school laboratory. Here, Colin's classroom was supervised, the rules were clear and there is no evidence that anyone knew, other than the teenaged boys themselves, that chemicals were being taken. Although it is conceivable that chemicals left unattended in an unlocked room might be stolen as in Kush, in this case the boy surreptitiously stole the chemical while the class was in session. The fact that it was possible to sneak chemicals out of the room without the teacher's knowledge does not make the outcome that occurred in this case a probable one (see, Perry v Rochester Lime Co., 219 NY 60, 64). "In short, a series of new and unexpected causes intervened and had to intervene" before the injuries to Colin, some seven to eight hours after the theft, could occur (supra, at 64). Because we perceive no issues of fact requiring resolution at trial, we reverse and grant defendant's motion for summary judgment dismissing the complaint.

Order reversed, on the law, without costs, motion granted, summary judgment awarded to defendant and complaint dismissed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.