OPINION OF THE COURT
Irad S. Ingraham, J.
Plaintiffs seek damages for personal injuries sustained by the infant Rodney Hurlburt who was involved in an automobile accident occurring after he exited a school bus prior to reaching its summer school destination.
*375 The plaintiffs and defendant school district are now before the court by motion and cross motion, respectively, seeking summary judgment. Both appeared by counsel for oral argument on November 2,1990, in Norwich, New York.
FINDINGS OF FACT
On August 3, 1989, the infant plaintiff was to have been transported by the defendant Bainbridge-Guilford Central School to summer school at Windsor, New York. He boarded the school bus at Bainbridge. The bus stopped en route at Afton, New York, for the purpose of picking up additional students. The infant plaintiff and several other students exited the bus at Afton in order to ride the rest of the way to Windsor in the car of defendant Sean Noxon, a fellow student. Noxon was thereupon involved in an accident and plaintiffs bring this action for Rodney’s injuries alleging negligent supervision by the Bainbridge-Guilford Central School District.
The defendant Bainbridge-Guilford Central School had in effect a policy that no student be allowed to exit the school bus before its destination unless written permission from a parent was presented. No such permission was given by plaintiffs here. The school bus driver observed the plaintiff leave the bus and asked "where are you going?” One of the exiting students said "it’s okay that we get off.” No further colloquy ensued. On several occasions prior to August 3, plaintiff had exited the bus at the Afton stop and continued to school with defendant Noxon.
Defendant school district moves for summary judgment, arguing that any negligence on its part was not the proximate cause of injury. Defendant maintains that plaintiff’s own conduct in leaving the school bus, and the negligence of defendant Noxon were intervening acts which broke the chain of causation. School personnel allegedly had no knowledge of Noxon’s reckless driving on this or prior occasions.
Plaintiffs bring a cross motion for summary judgment in their favor. Plaintiffs focus on duty rather than proximate cause, arguing that defendant was under a duty to supervise the infant plaintiff, which did not end when plaintiff left the bus. Plaintiffs characterize the accident as a foreseeable event, arguing that every case of negligent supervision by definition involves an intervening cause, and the true issue is whether that cause is foreseeable.
*376 CONCLUSIONS OF LAW
The school district acts in loco parentis and is responsible for exercising that degree of care that a parent would reasonably provide. (Lawes v Board of Educ., 16 NY2d 302.) The responsibility of the school commences upon entry of the student to the school bus. It includes proper supervision while the student is in school or on the school bus. (Sewar v Gagliardi Bros., 69 AD2d 281.) Injuries to students directly following their exit from a school bus are the subject of statutory school responsibility. (Vehicle and Traffic Law § 1174 [b]; Sewar v Gagliardi Bros., supra.)
Such responsibility does not ordinarily extend beyond the area of control of school authority, however. Where a student injures himself in his home as a result of his culpable conduct committed on school grounds, the school is not responsible. (Brazell v Board of Educ., 161 AD2d 1086.) Injuries caused by a student to third parties off school grounds are not the responsibility of the school. (Thompson v Ange, 83 AD2d 193; Greiner v Whitesboro School Dist., 167 AD2d 853.)
"A school district does not have a duty to protect a high school student from injury arising from the negligence of a fellow student when the incident occurs off school grounds and not at a school sponsored event.” (Bushnell v Berne-Knox-Westerlo School Dist., 125 AD2d 859.) The Bushnell holding, affirmed by the Appellate Division, Third Department, on the unpublished opinion of Justice Hughes, involved a fact pattern virtually identical to the instant case. Plaintiff in that case, a 15-year-old boy, left the school bus with the driver’s knowledge and contrary to school rules. He was thereafter injured while riding with a fellow student who was racing and lost control of the automobile. If any distinction can be drawn, the instant plaintiff was en route to school and the Bushnell infant was en route from school at the time each left the bus. This distinction is not sufficiently substantive to warrant casting responsibility on the school in this case.
Accordingly, it is the conclusion herein that the school owed a duty to plaintiff while plaintiff remained in its custody. That duty terminated however at the time that plaintiff left the school bus in contravention of the school policy. The events occurring thereafter and resulting in the accident and injury *377 to plaintiff were not within the control of and cast no liability upon the defendant school.
Accordingly the defense motion for summary judgment is granted. The plaintiffs motion for summary judgment is denied. No costs are assessed.