■ WALTER S. WENGER, Individually and as Parent and Natural Guardian of STEVEN J. WENGER, an Infant, Appellant, v SCOTT A. GOODELL, Defendant, and CANASTOTA CENTRAL SCHOOL DISTRICT, Respondent. [632 NYS2d 865] —Cardona, P. J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered August 8, 1994 in Madison County, which, upon reargument, granted a motion by defendant Canastota Central School District for summary judgment dismissing the complaint against it.

On March 8, 1991, Steven J. Wenger was a 15-year-old student at the Canastota Junior-Senior High School. Defendant Canastota Central School District (hereinafter the school district) offered bus transportation to and from school to certain of its students, including Wenger. On the morning of March 8, 1991, Wenger took the school bus to school; however, he did not take the school bus home. Instead, he received a ride from defendant Scott A. Goodell. Subsequently, and after having left the school premises, the car was involved in an accident causing serious injuries to Wenger.

Plaintiff, as Wenger's parent and guardian, commenced this tort action against both the school district and Goodell. After submitting an answer, the school district moved for summary judgment. Although Supreme Court initially found triable issues of fact, upon reargument, it granted the motion and dismissed the complaint against the school district. Plaintiff has appealed.

While we are in accord with Supreme Court's determination that the school district's duty to supervise Wenger did not, in general, encompass compelling him to ride the school bus home, we find that, in this particular case, there exist questions of fact as to whether the school district owed a special duty to Wenger to prevent him from leaving school in Goodell's car. Turning first to the question of the school district's responsibilities regarding the transporting of its students, in general this Court has observed that a school district is required to "transport its students in a careful and prudent manner" (*Bruce v Hasbrouk*, 207 AD2d 10, 12, *lv granted* 85 NY2d 809; *see*, *Pratt v Robinson*, 39 NY2d 554). However, we have noted that this duty does not extend to situations where the student is no longer under the school district's authority or is no longer in its physical custody (*see*, *Bruce v Hasbrouk, supra*).

In a case similar to the current situation, we affirmed a decision wherein it was held that no duty existed when a student, with the bus driver's knowledge, left the bus and was later injured while riding in a fellow student's car (*Bushnell v Berne-*

*Knox-Westerlo School Dist.*, 125 AD2d 859, *lv denied* 69 NY2d 609). As was noted in that case, when the student "through his own action, removed himself from the school grounds * * * he could no longer look to the school district to protect him" (*Bushnell v Berne-Knox-Westerlo School Dist.*, Sup Ct, Albany County, Dec. 17, 1985, Hughes, J., slip opn, at 4, *affd on opn below* 125 AD2d 859, *lv denied* 69 NY2d 609; *see, Thompson v Ange*, 83 AD2d 193). Likewise, in the instant situation, we are of the view that the school district initially had no duty to prevent Wenger from leaving the school premises as a passenger in Goodell's car.

On the other hand, we must further decide whether the school district, under the circumstances of this case, owed a special duty to Wenger which was different from any duty it owed to its students in general. Supreme Court found that there was no evidence of any assumption of duty by the school district to provide supervision or protection to Wenger over and above that owed to the general population. Our review of the record, however, compels a contrary conclusion. In making this determination, we note that this case is before us in the posture of a motion for summary judgment. As such, we must accept plaintiff's pleadings, as the opponent of the motion, as true and make our decision on the facts most favorable to plaintiff (*see, Henderson v City of New York*, 178 AD2d 129). Public entities are immune from tort claims arising out of the performance of their governmental functions unless the injured person establishes a special relationship with the entity which creates a specific duty to protect that person (*see, Miller v State of New York*, 62 NY2d 506, 510). For a specific duty to exist it is necessary to demonstrate that the public entity, through promises or action, assumed an affirmative duty to act on behalf of the injured party as well as that party's justifiable reliance on the undertaking (*see, Cuffy v City of New York*, 69 NY2d 255; *Matter of Konstantatos v County of Suffolk*, 208 AD2d 889).

Here, plaintiff argues that the school district assumed a special duty to Wenger. Plaintiff averred that prior to the accident he informed a school district representative that he wanted the school to ensure that Wenger rode the school bus home at the end of the day and that the representative agreed to his request. In light of plaintiff's allegations and keeping in mind that this is a motion for summary judgment, we are of the view that at this stage of the proceedings there is a question as to whether the school district "affirmatively took some action on [the injured party's] behalf which it communicated to

[plaintiff] and upon which [plaintiff] relied to [plaintiff's] detriment" (*Bruce v Hasbrouk*, 207 AD2d 10, 13, *supra*).

Mikoll, Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion by defendant Canastota Central School District for summary judgment dismissing the complaint against it; motion denied to that extent; and, as so modified, affirmed.