■ ALICIA HANDVILLE, an Infant, et al., Respondents, v COUNTY OF OSWEGO et al., Defendants, and HANNIBAL CENTRAL SCHOOL DISTRICT et al., Appellants. [701 NYS2d 925] —Order affirmed without costs.

All concur except Lawton and Balio, JJ., who dissent and vote to reverse in the following Memorandum.

Lawton and Balio, JJ. (dissenting). We respectfully dissent. The record establishes that the 17-year-old infant plaintiff sustained injuries while attending a Teen Institute Program at the Syracuse University Minnowbrook Conference Center at Blue Mountain Lake, New York. Defendant Hannibal Central School District (School District) was one of the sponsors of the program. The infant plaintiff applied to participate in the program and was selected by the School District. Between 11:30 P.M. and 12:00 A.M. on November 11, 1995, the infant plaintiff and another student left their cabin to go to the main lodge to join other students for hot chocolate. The infant plaintiff was wearing proper footwear and was carrying a flashlight. She had been told by adult advisors from the School District that the walkways were slippery. The infant plaintiff fell and broke her ankle as she crossed the roadway near the main lodge.

Given those circumstances, the School District did not breach its duty to supervise the infant plaintiff. "The standard of care applicable to a school's supervision of students is that degree of supervision that a parent of ordinary prudence would undertake in comparable circumstances (*Lawes v Board of Educ.,* 16

NY2d 302, 305 * * * *Logan v City of New York*, 148 AD2d 167; *Thompson v Ange*, 83 AD2d 193, 196; *Rock v Central Sq. School Dist.*, [113 AD2d 1008])" (*Gattyan v Scarsdale Union Free School Dist. No. 1*, 152 AD2d 650, 651). Here, a parent of ordinary prudence would not prohibit a 17 year old wearing proper footwear and carrying a flashlight from going for hot chocolate because of slippery conditions. To hold otherwise makes the School District an insurer for any accidents that occur when it allows its students to go outside in the winter. Consequently, we would reverse the order and grant the motion of the School District and defendant Hannibal Central School District Board of Education for summary judgment dismissing the complaint and all cross claims against them. (Appeal from Order of Supreme Court, Oswego County, Hurlbutt, J.—Summary Judgment.) Present—Green, J. P., Lawton, Wisner, Scudder and Balio, JJ.