■ WALTER S. WENGER, Individually and as Parent and Guardian of STEVEN J. WENGER, an Infant, Respondent, v SCOTT A. GOODELL, Defendant, and CANASTOTA CENTRAL SCHOOL DISTRICT, Appellant. [733 NYS2d 523] —Cardona, P. J. Appeal from an order of the Supreme Court (O'Brien, III, J.), entered October 6, 2000 in Madison County, which denied a motion by defendant Canastota Central School District for summary judgment dismissing the complaint against it.

As detailed in this Court's earlier decision (220 AD2d 937), this action arises out of an automobile accident which occurred on March 8, 1991, in the Town of Lenox, Madison County. On that day, Steven J. Wenger, a 15-year-old student at the Canastota Junior-Senior High School, chose not to utilize the bus transportation offered by defendant Canastota Central School District (hereinafter the school district) to go home and accepted a ride from defendant Scott A. Goodell, another student. The vehicle was involved in an accident resulting in injuries to Wenger. On one occasion prior to this accident, plaintiff, Wenger's father, observed Goodell dropping his son home which was contrary to his wish that his son use the school bus.

Plaintiff, as Wenger's parent and guardian, commenced this action against the school district and Goodell. Following joinder of issue, the school district moved for summary judgment contending that there was no breach of duty as a matter of law and no circumstances supporting a finding that the school district voluntarily assumed a special duty with respect to plaintiff's son. Supreme Court granted the motion, however, this Court reversed, holding that, based on the record before us at that time, a factual issue was presented as to whether defendant had assumed a special duty in favor of plaintiff (*id.*). Specifically, we noted that while the school district "initially had no duty to prevent Wenger from leaving the school premises as a passenger in Goodell's car," plaintiff's submissions raised a question of fact as to whether there was "evidence of any assumption of duty by the school district to provide supervision or protection to Wenger over and above that owed to the general population" (*id.*, at 938). Thereafter, following completion of discovery, the school district again moved for summary judgment and Supreme Court denied the motion, prompting this appeal.

Initially, we note that Supreme Court was not precluded from determining the merits of the instant motion by reason of this Court's prior determination on the initial motion for summary judgment. Our previous determination did not constitute the law of the case (*see, McIvor v Di Benedetto*, 121 AD2d 519, 522). Although it is well settled that successive motions for summary judgment based upon facts which could have been set forth from the outset are not encouraged, the school district premises its motion upon facts obtained from various discovery conducted after the denial of the initial motion (*see, id.*). Thus, we note additionally that, "[a]s an appellate court, we are not precluded from addressing the merits of the motion" (*id.*, at 522).

Turning to the merits of the summary judgment motion, we note that plaintiff's claim that a special duty was created is premised upon two conversations that plaintiff alleges he had with the school district's representatives. Plaintiff asserts that these conversations were sufficient to establish the first element of special duty, namely "that the public entity, through promises or action, assumed an affirmative duty to act on behalf of the injured party" (220 AD2d 937, 938, *supra*; *see, Cuffy v City of New York*, 69 NY2d 255). Specifically, plaintiff testified that, at the beginning of the 1990-1991 school year, he had a conversation with Louanne Prince, the school's guidance counselor, in the presence of Garad Williams, the school

principal, wherein he claims that he told Prince that it was his understanding that the school district had the responsibility to safely transport the children and he "did not want them transported, in any way, other than on the school bus and returned home on the school bus." Plaintiff states that Prince replied, "Okay, fine, sir."

Thereafter, approximately three days before the March 1991 accident, plaintiff saw his son being dropped off at his home by Goodell, who had driven him home. Plaintiff asserts that the following evening, he was at a store when he met Kenneth Starrs, the school board president. Plaintiff testified at his February 1996 deposition that he "forcefully" told Starrs that he was unhappy about Goodell driving his child home. He further reminded Starrs of the school district's obligation to transport his son home safely and stated that he would hold the school district responsible should anything happen to his son. Plaintiff claims that Starrs responded, "Okay. Fine" or "Okay. I understand." However, plaintiff admitted that he did not make any demand that Starrs take action, nor did he specifically "forbid that [his son] be transported in anything but a school bus."

Notably, even given the fact that the matter is before us on a summary judgment motion and, "[a]s such, we must accept plaintiff's pleadings, as the opponent of the motion, as true and make our decision on the facts most favorable to plaintiff" (220 AD2d 937, 938, *supra*), we must conclude that plaintiff's clarified allegations after completion of discovery are insufficient to raise a triable issue of fact. Assuming, arguendo, that the conversations with Prince and Starrs took place exactly as described by plaintiff, they simply do not, by plaintiff's own admission, describe a situation whereby the school district, through promises or action, undertook an affirmative duty to prevent Wenger from leaving school in anything other than the school bus (*see, McEnaney v State of New York*, 267 AD2d 748, 752; *Dickerson v City of New York*, 258 AD2d 433, 434, *lv denied* 93 NY2d 811). Consequently, we are constrained to conclude that the school district's motion should have been granted.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, summary judgment awarded to defendant Canastota Central School District and complaint dismissed against it.