COLIN J. WOODWORTH, SR., et al., Individually and as Guardians Pursuant to Article 81 of the New York Mental Hygiene Law of COLIN J. WOODWORTH, JR., Appellants, v ANDREW HINK et al., Defendants, and GREENWOOD CENTRAL SCHOOL DISTRICT et al., Respondents. [824 NYS2d 545]—

Appeal from an order of the Supreme Court, Steuben County (Joseph W. Latham, A.J.), entered August 10, 2005 in a personal injury action. The order granted the motion of defendants Steuben-Allegany Board of Cooperative Education Services and Greenwood Central School District for summary judgment dismissing the amended complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for personal injuries sustained by Colin J. Woodworth, Jr. (Colin) in a head-on collision between his vehicle and one driven by another student. At the time of the accident, Colin was driving from his classes at defendant Steuben-Allegany

Board of Cooperative Education Services (BOCES) back to his high school. Supreme Court properly granted the motion of BOCES and defendant Greenwood Central School District for summary judgment dismissing the amended complaint against them. Under the circumstances, those defendants owed no duty to Colin and his parents to prevent Colin from leaving the BOCES facility in his father's car instead of on a school bus, notwithstanding the existence of school rules requiring students to ride the bus in the absence of a parent's written permission to drive in a private vehicle (*see Thompson v Ange*, 83 AD2d 193, 194-196 [1981]; *see also Briggs v Rhinebeck Cent. School Dist.*, 2 AD3d 383 [2003], *lv denied* 2 NY3d 706 [2004]; *Cerni v Zambrana*, 271 AD2d 566 [2000]; *Wenger v Goodell*, 220 AD2d 937, 937-938 [1995]; *Bushnell v Berne-Knox-Westerlo School Dist.*, 125 AD2d 859 [1986], *lv denied* 69 NY2d 609 [1987]; *Hurlburt v Noxon*, 149 Misc 2d 374, 376 [1990]). Moreover, the record does not support plaintiffs' contention that those defendants assumed a special duty to Colin and his parents (*see Wenger v Goodell*, 288 AD2d 815, 816-817 [2001], *lv denied* 98 NY2d 605 [2002]; *Brabender v Altmann*, 2001 NY Slip Op 40148[U], *3-5; *see also Chalen v Glen Cove School Dist.*, 29 AD3d 508, 510 [2006]).

All concur, Pigott, Jr., P.J., not participating. Present—Pigott, Jr., P.J., Kehoe, Martoche, Smith and Pine, JJ.