■ Eddie L. Gross et al., as Parents and Natural Guardians of C.T.G., an Infant, Respondents, v Joel E. Bezek et al., Respondents, and Board of Education, City of Lockport School District, Appellant. [833 NYS2d 798]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered January 23, 2006 in a personal injury action. The order, among other things, denied the motion of defendant Board of Education, City of Lockport School District, for summary judgment dismissing the complaint and all cross claims against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the complaint against defendant Board of Education, City of Lockport School District, insofar as it alleges negligent supervision by that defendant and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by their son when the vehicle in which he was a passenger struck a tree. The vehicle was owned by defendant Joseph Poole, a security activity coordinator employed at Lockport High School (School), and operated by defendant Joel E. Bezek. Plaintiffs' son and Bezek were students at the School. Poole had given permission to a third student to drive his vehicle to the Orleans Center Board of Cooperative Educational Services (BOCES) to perform service on the vehicle at an automobile repair class attended by that student and Bezek. Plaintiffs' son also attended classes at BOCES, and Bezek agreed to give him a ride home on his way back to the School with the third student. The accident occurred a short distance from plaintiffs' home when Bezek allegedly lost control of the vehicle on an icy stretch of road.

Supreme Court erred in denying that part of the motion of

defendant Board of Education, City of Lockport School District (District), seeking summary judgment dismissing the complaint against the District insofar as it alleges negligent supervision by the District, and we therefore modify the order accordingly. Under the circumstances, the District owed no duty to plaintiffs or their son to prevent plaintiffs' son from leaving BOCES in a vehicle driven by another student rather than a school bus, notwithstanding the existence of School rules requiring students to ride the bus in the absence of written permission signed by a parent and approved by the School (*see Woodworth v Hink*, 34 AD3d 1192 [2006], *lv denied* 8 NY3d 807 [2007]; *Thompson v Ange*, 83 AD2d 193, 197-198 [1981]; *see also Briggs v Rhinebeck Cent. School Dist.*, 2 AD3d 383 [2003], *lv denied* 2 NY3d 706 [2004]; *Cerni v Zambrana*, 271 AD2d 566 [2000]). The court, however, properly denied that part of the motion seeking summary judgment dismissing the complaint against the District insofar as it is based upon the doctrine of respondeat superior. Even assuming, arguendo, that the District met its burden with respect to that part of the motion, we conclude that the submissions in opposition to the motion raise triable issues of fact whether Poole was negligent in permitting the student to drive his vehicle (*see generally Rios v Smith*, 95 NY2d 647, 653 [2001]), and whether Poole was acting within the scope of his employment (*see generally Buck v Zwelling*, 272 AD2d 895 [2000]).

Finally, the court properly exercised its discretion in granting that part of the cross motion of Poole seeking leave to amend his answer. Although the cross motion was made after the note of issue had been filed, "mere lateness alone is not a barrier to the amendment but, rather, [i]t must be lateness coupled with significant prejudice to the other side" (*McFarland v Michel*, 2 AD3d 1297, 1300 [2003] [internal quotation marks omitted]). Here, the record contains no indication that the District will suffer significant prejudice by virtue of the amendment of Poole's answer. Present—Gorski, J.P., Lunn, Fahey, Green and Pine, JJ.