■■ CHARLES DAVIS, Individually and as Administrator of the Estate of JANAY LE-ANN DAVIS, Deceased, et al., Respondents, v JOSEPH M. MARZO et al., Respondents, and LAFAYETTE CENTRAL SCHOOL DISTRICT, by and through its Agents, Officers, and/or Employees, Appellant. (Appeal No. 1.) [865 NYS2d 440]—

Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered August 31, 2007 in an action for, inter alia, wrongful death. The order, insofar as appealed from, denied the motion of defendant LaFayette Central School District, by and through its agents, officers, and/or employees, for summary judgment dismissing the complaint and cross claim against it.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint and cross claim against defendant LaFayette Central School District, by and through its agents, officers, and/or employees, are dismissed.

Memorandum: Plaintiffs commenced these actions seeking damages arising from the deaths of decedents, who were killed in a motor vehicle accident in the Town of LaFayette. Decedents were passengers in a motor vehicle driven by defendant Joseph M. Marzo (driver) and owned by defendant Jerald L. Marzo, and decedents and the driver were 17-year-old seniors at LaFayette High School (School). The students had left the School campus for a lunch break and were en route to the School when the accident occurred. Pursuant to a newly instituted program at the School, seniors who met certain academic standards were allowed to leave the School campus during their lunch periods with parental permission, and decedents and the driver had left the School campus pursuant to that program.

We agree with defendant School District (District) that Supreme Court erred in denying its motions for summary judgment dismissing the complaints and cross claims against it. It is well established that a student who leaves school grounds is not entitled to the protection of the school district (*see Chalen v Glen Cove School Dist.*, 29 AD3d 508, 509 [2006], *lv denied* 7 NY3d 709 [2006]; *Youngs v Bay Shore Union Free School Dist.*,

258 AD2d 580 [1999]), and that is the case herein. "A school's duty to its students is co-extensive with the school's physical custody and control over them . . . , and when a student is injured off school premises the school district cannot be held liable for the breach of a duty that generally extends only to the boundaries of the school property" (*Chalen*, 29 AD3d at 509). The contention of plaintiffs that decedents left the School campus without parental permission, even if true, would not subject the District to liability. Under the circumstances of this case, the District owed no duty either to decedents or to plaintiffs to prevent decedents from leaving the School campus in an automobile (*see Gross v Bezek*, 39 AD3d 1234, 1236 [2007]; *Woodworth v Hink*, 34 AD3d 1192 [2006], *lv denied* 8 NY3d 807 [2007]). Moreover, the record does not support plaintiffs' contentions that decedents were released into a dangerous situation. There is nothing in the record before us to indicate that the District "had notice that [Joseph Marzo] was an incompetent driver[, and t]he risk that [he] would be involved in an automobile accident was no greater than the risk incurred by the operation of an automobile by any average 17-year-old driver" (*Thompson v Ange*, 83 AD2d 193, 197 [1981]). There likewise is no support in the record for plaintiffs' contention that the District owed decedents or plaintiffs a special duty of care (*see Wenger v Goodell*, 288 AD2d 815, 816-817 [2001], *lv denied* 98 NY2d 605 [2002]; *see generally Woodworth*, 34 AD3d at 1193). The tragic accident in question was "extraordinary under the circumstances, not foreseeable in the normal course of events, [and] independent of or far removed from the [District's] conduct," thereby breaking any causal nexus linking the District to the accident (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980], *rearg denied* 52 NY2d 784 [1980]; *see Briggs v Rhinebeck Cent. School Dist.*, 2 AD3d 383 [2003], *lv denied* 2 NY3d 706 [2004]; *see generally Egan v A.J. Constr. Corp.*, 94 NY2d 839, 841 [1999]). Present—Scudder, P.J., Martoche, Fahey, Peradotto and Gorski, JJ.