1350

■ JACQUELINE A. DALTON et al., Respondents, v MARTIN K. MEMMINGER, Jr., et al., Defendants, and VILLAGE OF DEPEW et al., Appellants. [889 NYS2d 785]—

Appeals from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered September 25, 2008 in a personal injury action. The order, among other things, denied the motion of defendant Depew Union Free School District to dismiss the complaint against it.

Now, upon the stipulation of discontinuance signed by the attorneys for the parties on September 25, 2009 and filed in the Erie County Clerk's Office on October 27, 2009,

It is hereby ordered that said appeal taken by defendant Village of Depew is unanimously dismissed upon stipulation and the order is modified on the law by granting the motion and dismissing the complaint against defendant Depew Union Free School District and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Jacqueline A. Dalton (plaintiff) when she was struck by a vehicle while attempting to cross a state highway on foot, on her way to Depew High School. Prior to the start of the school day, plaintiff had crossed the road to smoke a cigarette outside a local pizza parlor located across the street from the school, and she was returning to school when she was struck by the vehicle. Despite the existence of a traffic signal, crosswalk, and a crossing guard at an intersection a short distance down the road, plaintiff did not cross the street at that intersection. According to plaintiffs, Depew Union Free School District (defendant) was negligent in failing, inter alia, to supervise its students in a proper manner and to ensure the safety of students crossing the street.

We agree with defendant that Supreme Court erred in denying its motion to dismiss the complaint against it, and we therefore modify the order accordingly. It is well settled "that a student who leaves school grounds is not entitled to the protection of the school district . . . , and that is the case herein. 'A school's duty to its students is co-extensive with the school's physical custody and control over them . . . , and when a

student is injured off school premises the school district cannot be held liable for the breach of a duty that generally extends only to the boundaries of the school property' " (*Davis v Marzo*, 55 AD3d 1404, 1404-1405 [2008]; *see Pratt v Robinson*, 39 NY2d 554, 560 [1976]; *Molina v Conklin*, 57 AD3d 860, 861-862 [2008]). Present—Martoche, J.P., Centra, Fahey, Peradotto and Green, JJ.