■ In the Matter of ELIZABETH HESS, as Parent and Guardian of JASON HESS, an Infant, Respondent, v WEST SENECA CENTRAL SCHOOL DISTRICT, Appellant, et al., Respondents. [899 NYS2d 490]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered May 11, 2009. The order, insofar as appealed from, granted that part of claimant's application seeking leave to serve a late notice of claim on respondent West Seneca Central School District.

It is hereby ordered that the order so appealed from is affirmed without costs.

Memorandum: Supreme Court did not abuse its discretion in granting that part of claimant's application seeking leave to serve a late notice of claim on West Seneca Central School District (respondent) pursuant to General Municipal Law § 50-e (5) (*see* Education Law § 3813 [2-a]). Although claimant did not offer a reasonable excuse for her failure to serve a timely notice of claim, "that failure is not fatal where . . . actual notice was had and there is no compelling showing of prejudice to [respon-

dent]" (*Matter of Hall v Madison-Oneida County Bd. of Coop. Educ. Servs.*, 66 AD3d 1434, 1435 [2009] [internal quotation marks omitted]), and that is the case here. In opposition to the application, respondent "failed to demonstrate substantial prejudice[ ] or that the [claimant's] claim was patently without merit" (*Matter of Chambers v Nassau County Health Care Corp.*, 50 AD3d 1134, 1135 [2008]). Contrary to the dissent, we are unpersuaded that this limited record supports a determination that the claim against respondent is patently meritless (*see Matter of Place v Beekmantown Cent. School Dist.*, 69 AD3d 1035, 1036-1037 [2010]). Claimant seeks to commence an action against respondent on the ground that respondent breached its duty of care to her son when he was "released into a potentially hazardous situation" (*Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664, 671 [1999], *rearg denied* 93 NY2d 1042 [1999]; *see McDonald v Central School Dist. No. 3 of Towns of Romulus, Varick & Fayette, Seneca County*, 179 Misc 333, 335-336 [1941], *affd* 264 App Div 943 [1942], *affd* 289 NY 800 [1943]). "It would be premature, prior to the commencement of an action, for this Court to opine that no action based on the proposed notice of claim could have merit" (*Matter of Industrial Risk Insurers v City of New York*, 2003 NY Slip Op 50639[U], *8 [2003]; *see Matter of Lacey v Village of Lake Placid*, 280 AD2d 863 [2001]).

All concur except Scudder, P.J., and Peradotto, J., who dissent and vote to reverse the order insofar as appealed from in accordance with the following memorandum.

Scudder, P.J., and Peradotto, J. (dissenting). We respectfully dissent. In our view, Supreme Court abused its discretion in granting that part of claimant's application seeking leave to serve a late notice of claim on West Seneca Central School District (respondent) inasmuch as respondent demonstrated that the claim is "patently meritless" (*Matter of Catherine G. v County of Essex*, 3 NY3d 175, 179 [2004]; *see Matter of Lo Tempio v Erie County Health Dept.*, 17 AD3d 1161 [2005]).

Claimant's son, a 10th-grade student at West Seneca High School, was injured when he was struck by a vehicle while crossing the street at the intersection of Seneca and Main Streets in the Town of West Seneca. The accident occurred at 2:10 P.M., after claimant's son was dismissed from school. The proposed claim alleges that respondents were negligent in their design, maintenance and construction of the intersection and in failing to provide safety measures or to warn of the dangerous condition of the intersection. With respect to the claim against respondent, claimant also alleged that there is no crosswalk, crossing guard or traffic control device directing traffic at the

intersection. Those allegations, however, are not sufficient to sustain a negligence cause of action against respondent and thus the claim against respondent is patently without merit.

It is well established that "[a] school's duty to its students is co-extensive with the school's physical custody and control over them . . . , and when a student is injured off school premises the school district cannot be held liable for the breach of a duty that generally extends only to the boundaries of the school property" (*Dalton v Memminger*, 67 AD3d 1350, 1350-1351 [2009] [internal quotation marks omitted]). In opposition to claimant's application, respondent established that the accident occurred after school hours and off school property on a public roadway that was neither owned nor controlled by respondent. Respondent further established that it was not involved with the design, construction or maintenance of the intersection or adjoining sidewalks and that it had no authority to provide traffic control devices or take other measures to control vehicular or pedestrian traffic at the intersection. Although General Municipal Law § 208-a authorizes a city, town or village to appoint "school crossing guards to aid in protecting school children going to and from school," such authority is not conferred upon a school district (*see generally Molina v Conklin*, 57 AD3d 860, 862 [2008]). Likewise, the municipality that owns or controls the roads, not respondent, is responsible for operating and maintaining traffic control devices and warning of any existing hazards on those roads (*see* Vehicle and Traffic Law § 1682; *Moshier v Phoenix Cent. School Dist.*, 199 AD2d 1019 [1993], *affd* 83 NY2d 947 [1994]; *Sanchez v Lippincott*, 89 AD2d 372, 373-374 [1982]).

In our view, the majority's reliance on *Ernest v Red Cr. Cent. School Dist.* (93 NY2d 664, 671 [1999], *rearg denied* 93 NY2d 1042 [1999]) is misplaced. In that case, the Court of Appeals concluded that there was a triable issue of fact whether the defendant school district was negligent in releasing a second grade student "into a foreseeably hazardous setting it had a hand in creating" (*id.* at 672). The school district in *Ernest* had a long-standing policy of not releasing students who were walking home until the buses had departed. Nevertheless, the student at issue was released before buses left the area, and the student was subsequently struck by another vehicle while attempting to cross the road. The driver of that vehicle stated that his view of the student was obstructed by a bus (*id.* at 669-670). Here, by contrast, claimant failed to present any evidence that respondent created or perpetuated a hazardous situation similar to the one at issue in *Ernest* (*see Vernali v Harrison Cent. School Dist.*, 51 AD3d 782, 783-784 [2008]).

We therefore would reverse the order insofar as appealed from and deny that part of claimant's application seeking leave to serve a late notice of claim on respondent. Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.