Van Voorhis, J. (dissenting).
The recovery by plaintiff should not, as it seems to us, be reversed on account of lack of foreseeability or a break in the chain of causation due to any intervening act of negligence on the part of a volunteer fireman. These heat blocks were dangerous instrumentalities unless wrapped in ‘ ‘ insulating ’ ’ media, ‘ ‘ such as pouch, towel, blanket or folded cloth” as the instructions on the container directed. What happened here was that the container, with the instructions on it, was thrown away, and the nurse who applied the heat block was unaware of this safety requirement. In our minds the circumstance that the fireman who knew of the danger failed to warn the nurse, even if negligent, did not affect the fact, as the jury found it, that this was a risk which the manufacturer of the heat block ought to have anticipated in the exercise of reasonable care, nor intercept the chain of causation. The jury found by their verdict that a duty was imposed on the manufacturer to inscribe the warning on the heat block for the reason that in the exercise of reasonable care it should have anticipated that the warning written on the container might be lost or discarded under circumstances similar to those surrounding this injury.
*73 The rule is not absolute that it is not necessary to anticipate the negligence or even the crime of another. It has been said in the Restatement of Torts (§ 449): “ If the realizable likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious or criminal does not prevent the actor from being liable for harm caused thereby.” It is further provided by section 447: “ The fact that an intervening act of a third person is negligent in itself or is done in a negligent manner does not make it a superseding cause of harm to another which the actor’s negligent conduct is a substantial factor in bringing about, if (a) the actor at the time of his negligent conduct should have realized that a third person might so act ”. (McDonald v. Central School Dist. No. 3, Romulus, 179 Misc. 333, affd. 264 App. Div. 943, affd. 289 N. Y. 800.)
The judgment appealed from should be affirmed.
Judges Fuld, Fboessel and Burke concur with Judge Foster ; Judge Van Voorhis dissents in an opinion in which Judge Dye concurs; Chief Judge Desmond taking no part.
Judgment reversed, etc.