SAMUEL, Judge.
This action for wrongful death was instituted by the parents of a 13J4 year old boy who sustained immediately fatal injuries when he was crushed under the right front wheel of a school bus. The defendants are the owner-operator of the bus, his liability insurer and the Jefferson Parish School Board, suit against the school board having been authorized by a 1963 legislative act. After a trial on the merits, there was judgment in favor of the defendants, dismissing plaintiffs’ suit at their costs. Plaintiffs have appealed therefrom.
The facts are not in dispute. The accident happened on Cypress Street in Me-tairie during the morning of a clear day while the bus was in its regular process of transporting students to Metairie Junior High School. The bus driver had been instructed by the school board to pull next to the curb when picking up children and he, in turn, had warned the children not to come into the street. There were between 10 and 20 students, approximately 13 to 15 years of age, awaiting the bus as it approached the intersection of Cypress and Division Streets. The bus was traveling approximately 10 to 12 miles per hour when it was a block away from Division Street and had lessened its *678 speed to 5 miles per hour when one-half block away. It was in the process of stopping, and almost had come to a complete stop, when the accident happened.
Some of the children moved away from the curb and into the street a distance of approximately 3 feet when the bus was less than one-half block from the nearest child and the bus driver pulled to his left so that the vehicle crossed the center line of the street and was passing approximately 3 feet in front of the line of children as it slowly came to a stop. After it had passed some of the children in that part of the line nearer to the bus, young Norris, who was farther along in the line, stooped over and fell forward under the right front wheel. Pie had dropped a book and had stooped to pick it up. The evidence does not reveal whether he lost his balance or was unwittingly jostled by someone behind him. The bus came to a complete stop within less than one revolution of its wheels after the accident. Its driver did not know an accident had happened, and the bus door remained closed, until he heard some of the children scream.
While the highest degree of care, prudence and foresight is required of the operator of a school bus in receiving, carrying and discharging passengers and such an operator is liable to them for injuries occasioned by even the slightest negligence on his part, he does not insure the safety of his passengers and there can be no liability in the absence of any negligence. Landry v. Travelers Indemnity Company, La.App., 155 So.2d 102; Oxner v. Reeves, La.App., 153 So.2d 565; Adams v. Great American Indemnity Company, La.App., 116 So.2d 307; Mire v. Lafourche Parish School Board, La., 62 So.2d 541.
Even tested by the high degree of care the law imposes on the driver of a school bus, we are in complete agreement with the trial court finding of no negligence on the part of the driver in the instant case.
In support of their contention that the bus was negligently driven, counsel for plaintiffs argue only that driving in front of the children who were already in the street was dangerous and, in itself, constituted negligence. The sole maneuver they suggest as being safer than the one actually employed is that the bus driver should have approached the group of children along the curb and stopped before reaching them. This is speculation and almost equivalent to saying the accident would not have happened if the bus driver had discontinued his trip to the school before reaching the children.
We are unable to see how the action of driving the bus in front of the waiting line of children, at a distance of approximately 3 feet away from those children, involved any appreciably greater danger than would be the case if the bus had been driven a similar or lesser distance in front of a line of children waiting on the curb. The accident could have happened in either event. The maneuver suggested by counsel may have been more, rather than less, dangerous than the one actually taken.
Obviously, the bus operator was unable to drive next to the curb to the intersection; if he had done so, some of the children might have been struck by the bus. The fact that, contrary to his warnings, children were waiting in the street instead of on the curb, simply was a fact which he had to accept as such at the time. And considering the ages of the children in the waiting group, we are impressed by the fact that the driver kept his bus some 3 feet away from the nearest children. He would have passed that distance in front of young Norris if the boy had not fallen forward suddenly and without any warning whatsoever. As the trial judge said:
“There was no more reason to anticipate this most unfortunate occurrence with the boys and girls standing in the street than there would be had they been on the sidewalk immediately adjacent to the street. It was totally unforseen *679 and unexpected and occurred when the front of the bus had already safely passed the line of the boys and would have safely passed the deceased had it not been for his falling in the path of the bus. There was no way for the driver to anticipate this most unfortunate occurrence.”
The judgment appealed from is affirmed.
Affirmed.