ESTHER T. FEJERANG, a Minor, by Maria T. Fejerang, her Guardian ad litem, and MARIA T. FEJERANG, Plaintiffs

v.

DANIEL TENORIO, the GOVERNMENT OF GUAM, ELADIO B. NUCUM, NATION BUILDERS CORP., a corporation, and FIRST DOE to TENTH DOE, Inclusive, Defendants

Civil No. 277-74

Superior Court of Guam

July 7, 1976

ABBATE, *Judge*

### DECISION

On November 9, 1973, at approximately 3:25 p.m. the minor child Esther Fejerang, the plaintiff herein, who is 8 years of age was a passenger in a school bus owned by the Government of Guam. The bus was operated by Daniel Tenorio, an employee of the Government. The mission of the bus driver was to return the children to their homes after school. The driver knew Esther and was aware that she was a handicapped child, a deaf-mute since birth.

The school bell rang indicating the end of a school day, and Esther boarded the bus for transportation to her abode. Tenorio, the operator, while en route to accomplish his task stopped the school bus in the inside eastbound lane of traffic directly across from Royal Lanes, a bowling alley in Tamuning. He then activated the red flashing light, opened the door and permitted Esther to alight from the bus by herself. At this point Esther, to get to her home, would have to cross the outside eastbound lane of traffic, cross in front of the bus, and then cross two westbound lanes. Esther attempted this dangerous voyage unaccompanied, no guide, no escort and no one to give this assistance. Then an unfortunate occurrence took place. As she crossed the inside westbound lane, Esther was struck and seriously injured by a 1973 Toyota vehicle which was operated by one Eladio B. Nucum and owned by Nation Builders. Esther remained in a coma for several days, sustained a brain injury. She sustained a hemi-paresis of the right side which has diminished to a certain degree, but the residual

effects are manifested by weakness of the right side and a noticeable limp in her walk.

A claim was presented on behalf of the minor child by her mother and natural guardian Maria T. Fejerang under the Government Claims Act, Section 6500 of the Government Code of Guam. The claim was denied in its entirety and the guardian has commenced this action for personal injuries.

It is undisputed as to the liability of Nucum and Nation Builders and therefore this action was based upon the negligence of the Government and its employee, the operator of the said school bus. The issue before this Court is whether the intervening negligence of Nucum can be said to relieve from liability the defendants from the consequence of their acts.

In resolving the aforementioned issue, the Court is aided by the familiar principle of tort liability that an intervening act by a third person, even if negligent, relieves the original negligent actor from liability only if subsequent wrongdoer's act could not have been anticipated by the first actor in the exercise of due care. *Hall v. E. I. duPont de Nemours & Co., Inc.*, 345 F.Supp. 353 (E.D.N.Y. 1972).

The Court notes that in at least one previous case, it has been held that recovery can be had against the driver of a school bus and his employer when a child alighted from the bus, crossed in front of it and was struck by a vehicle which passed the bus without stopping in violation of a statute. *McDonald v. Central School Dist.*, 179 Misc. 333, 39 N.Y.S.2d 103, affd. 264 App. Div. 943. There is no doubt in the Court's mind that the defendants Tenorio and the Government can be held liable as independent tortfeasors foreseeing a possible statutory violation occurring. (Failure to observe and stop at flashing red lights of school bus.) At this juncture, the Court can now consider whether the defendant Tenorio was negligent for discharging the minor Esther, a deaf-mute, from his bus under all the circumstances.

325

■ Case law reveals to this Court that there is an apparent consensus of authority that while public school entities are under no obligation to furnish transportation to students in the first instance, if they elect to do so, they will be held to a high degree of care. Therefore, if a school bus driver allows a student to alight from his bus having knowledge that the student may be placed in substantial jeopardy, liability attaches. There are some cases that have reached this result by requiring school bus drivers the same very high degree of care which is required of common carriers. *Norris v. American Casualty Co.*, 176 So.2d 677; *Webb v. Seattle*, 22 Wash.2d 596. Other cases hold that while a school system is not a common carrier, it does owe a degree of reasonable and ordinary care to passengers and students and is required to exercise special care in proportion to the age in question and their ability to care for themselves. *Hawkins County v. Davis*, 216 Tenn. 262. The Court finds the latter rationale is more persuasive than the former. See also *Shannon v. Central Gaither Union School Dist.*, 133 Ca.App.124; *County School Board v. Thomas*, 201 Va. 608; *Machenheimer v. Falknor*, 144 Wash. 27; *Gazaway v. Nicholson*, 61 Ga. App. 3; *Taylor v. Patterson's Administrator*, 272 Ky. 415 and *Capital Transit Co. v. Burris*, 276 S.W.2d 56.

■ In this case, the evidence is undisputed. All the parties to this action factually agree. The Court cannot escape the conclusion that defendant Tenorio, in the course of his employment, had a duty to anticipate that someone in the position of Nucum might fail to stop in response to the flashing red light that appeared on the bus, and strike and injure the child. The defendant Tenorio was negligent and his negligence was the proximate cause of the injuries sustained by Esther.

In reaching such a decision, this Court realizes the burden imposed on defendant Tenorio by the election of his

superiors to permit this very seriously handicapped child to travel in a school bus of standard size in the company of children not handicapped. A better practice would be to render a specialized service for the transportation of handicapped children, and with direct assistance. This they deserve. This Court can only deplore the evident indifference of the defendant Government to the needs of this and other vulnerable children in this community. It is hoped that in the future more adequate provisions will be made for the transportation of our handicapped so that an unfortunate occurrence such as this will not come before our courts.

Judgment for the plaintiff Esther Fejerang in the sum of $30,000; and for medical services rendered and future medical care, the sum of $7,500 together with costs and interest.

Submit order.