■ RICHARD SHIRE, as Administrator of the Estate of CHRISTOPHER SHIRE, Deceased, Respondent, v MITCHELL MAZZILLI, Appellant. [609 NYS2d 350] —In an action, *inter alia,* to recover damages for wrongful death, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Lama, J.), which granted his motion pursuant to CPLR 4533-b and General Obligations Law § 15-108 (a) to deduct the amount of the plaintiff's settlement with another tortfeasor from the award of damages, and (2) a judgment of the same court, dated March 13, 1992, which, upon a jury verdict as reduced by the order, is in favor of the plaintiff and against him in the principal sum of $121,000.

Ordered that the appeal from the order is dismissed *(see, Matter of Aho,* 39 NY2d 241, 248); and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, and a new trial is granted with respect to the issues of liability only; and it is further,

Ordered that the defendant is awarded one bill of costs.

The instant action arises from an altercation between two groups of youths, which resulted in the defendant stabbing Christopher Shire to death. Richard Shire as administrator of the estate of Christopher Shire commenced this action to recover damages for wrongful death and conscious pain and suffering. At trial, although the defendant requested that the court instruct the jury on implied assumption of risk, the court declined to give such an instruction. Following a jury trial, there was a verdict in favor of the plaintiff.

The Court of Appeals in *Arbegast v Board of Educ.* (65 NY2d 161), indicated that a failure to appreciate a known danger could constitute an implied assumption of risk. We find that the CPLR 1411 "culpable conduct" test applies in the present case, and given the risk of harm that is inherent in a fight, the court should have instructed the jury on implied assumption of the risk. Under the facts of this case, the failure to so charge cannot be considered harmless.

Additionally, in light of the awards in similar cases we find that the award of damages in this case was not excessive *(see, Gonzalez v New York City Hous. Auth.,* 161 AD2d 358, *affd* 77 NY2d 663; *Canty v New York City Health & Hosps. Corp.,* 158 AD2d 271; *Johnston v State of New York,* 127 AD2d 980; *Pollock v Collipp,* 124 AD2d 647; *DeLong v County of Erie,* 89

AD2d 376, *affd* 60 NY2d 296). Lawrence, J. P., Joy, Friedmann and Krausman, JJ., concur.