[624 NYS2d 695]

GARY NORTON, as Parent and Natural Guardian of MICHELLE NORTON, an Infant, Appellant, v CANANDAIGUA CITY SCHOOL DISTRICT et al., Defendants, and UPSTATE TRANSPORT CONSORTIUM, INC., et al., Respondents. (Appeal No. 1.)

Fourth Department, February 3, 1995

## APPEARANCES OF COUNSEL

*Fitzsimmons, Desmarteau, Beale & Nunn,* Rochester *(Mark Nunn* of counsel), for appellant.

*Bond & McDonald, P. C.,* Geneva *(Kevin McDonald* of counsel), for Canandaigua City School District, respondent.

*O'Shea, Reynolds & Cummings,* Buffalo *(Erin Peradotto* of counsel), for Upstate Transport Consortium, Inc., and another, respondents.

## OPINION OF THE COURT

LAWTON, J.

Plaintiff seeks to recover damages for injuries sustained by his 10-year-old daughter when she was struck by a car while crossing a street to get to her school bus stop. Defendants are the Canandaigua City School District (School District), Upstate Transport Consortium, Inc., and Laidlaw Transit, Inc. (school bus owners), and Jane Lynd (school bus operator). The action against Sandra Clark, the car operator, has been settled.

In this consolidated action against defendants, plaintiff alleged that his daughter was a student in the School District and that in September 1988 she was required to cross Parish Street, where she lived, to reach her designated bus stop. Plaintiff alleged that defendants acted negligently and in violation of Vehicle and Traffic Law § 1174 (b) by failing to

instruct his daughter how to cross the street safely, including crossing the street in front of the bus, and by instructing his daughter to be ready and waiting at the bus stop when the bus arrived.

All parties moved for summary judgment. In support of their motions, defendants established that, prior to September 29, 1988, plaintiff's daughter was assigned to a cluster bus stop on the south side of Parish Street. On that date at 7:41 A.M., plaintiff's daughter was struck by the Clark vehicle while crossing Parish Street. At that time the school bus had not yet arrived at the stop and was not scheduled to arrive for another 10 minutes. Defendants asserted that Vehicle and Traffic Law § 1174 (b) did not provide a basis for liability because the accident occurred before the school bus arrived. They further asserted that defendants had no duty to control the conduct of plaintiff's daughter before the school bus arrived at the bus stop and that their conduct was not a proximate cause of the accident.

Plaintiff in his cross motion asserted that Vehicle and Traffic Law § 1174 (b) imposed a duty on defendants to instruct school children on the proper procedures for boarding and disembarking from the bus, including how and where to wait for the bus and how to cross the street safely. He alleged that the bus operator erroneously instructed his daughter to be at the bus stop on the south side of the street when the bus arrived. Plaintiff contended that, because defendants violated that statutory duty, they were absolutely liable.

Plaintiff also asserted that defendants' motion for summary judgment should be denied because of the School District's violations of Education Law § 3623 and the Regulations of the Commissioner of Education (8 NYCRR part 156). Pursuant to those regulations, the School District was required to conduct three bus drills per school year that were to include instructions about boarding and disembarking procedures. The first drill was required to be conducted the first week of the fall term. Plaintiff asserted that, contrary to those regulations, the School District's first drill dealt only with the evacuation of the bus in the event of an emergency and did not include boarding procedures. Plaintiff further alleged that the bus operator did not comply with regulations requiring her to attend refresher safety courses twice a year. Plaintiff also submitted an affidavit by a transportation expert asserting that defendants negligently advised his daughter on boarding procedures and were negligent in conducting drills and train-

ing drivers. Plaintiff did not allege, nor is there any claim raised on appeal, that the bus stop was located in an unsafe place *(see, Gleich v Volpe,* 32 NY2d 517).

In response, defendants' counsel again asserted that Vehicle and Traffic Law § 1174 (b) did not apply and that the regulations cited by plaintiff were inapplicable because they dealt with emergency boarding and disembarking procedures.

Supreme Court granted defendants' motions and denied plaintiff's cross motion. The court concluded that Vehicle and Traffic Law § 1174 (b) was not applicable because the accident occurred before the school bus arrived to pick up plaintiff's daughter. It further concluded that the regulations alleged to have been violated by defendants were not the proximate cause of the accident or injuries sustained by plaintiff's daughter. The present appeals ensued.

A school district owes its students a duty to exercise the same degree of care toward them as a reasonably prudent parent would exercise under similar circumstances *(Lawes v Board of Educ.,* 16 NY2d 302, 305; *Ohman v Board of Educ.,* 300 NY 306, 309, *rearg denied* 301 NY 662; *Merkley v Palmyra-Macedon Cent. School Dist.,* 130 AD2d 937, 938). The "relationship" between a school district and its students has also been likened to the relationship between a carrier and its passengers or an innkeeper and his guests *(Pratt v Robinson,* 39 NY2d 554, 560). The latter analogies are more apt because a school district's duty to a student, unlike a parent's duty to a child, is strictly limited by time and space. Indeed, it is the school district's unique relationship as a substitute for a student's parent that causes the school district's duty to be a limited one. It has been repeatedly stated that the duty of a school district exists only so long as a student is in its care and custody during school hours, and terminates when the child has departed from the school's custody *(Pratt v Robinson, supra,* at 560; *Greiner v Whitesboro School Dist.,* 167 AD2d 853; *Griffith v City of New York,* 123 AD2d 830, 832, *lv denied* 69 NY2d 729; *Lauricella v Board of Educ.,* 52 AD2d 710, 711). The Court of Appeals has described the school district's duty in the following way: "The duty owed by a school to its students, however, stems from the fact of its physical custody over them. As the Restatement puts it, by taking custody of the child, the school has 'deprived [the child] of the protection of his parents or guardian. Therefore, the actor who takes custody of * * * a child is properly required to give him the protection which the custody or the manner in

which it is taken has deprived him' (Restatement, Torts 2d, § 320, comment *b).* The school's duty is thus coextensive with and concomitant to its physical custody of and control over the child. When that custody ceases because the child has passed out of the orbit of its authority in such a way that the parent is perfectly free to reassume control over the child's protection, the school's custodial duty also ceases [citations omitted]" *(Pratt v Robinson, supra,* at 560).

The liability of a school district with respect to the transportation of students is strict but limited. Vehicle and Traffic Law § 1174 (b) provides: "The driver of such school bus, when receiving or discharging passengers who must cross a public highway, street or private road, shall instruct such passengers to cross in front of the bus and the driver thereof shall keep such school bus halted with red signal lights flashing until such passengers have reached the opposite side of such highway, street or private road. Whether such passengers are crossing such highway street or private road or discharging to the same side of such highway, street or private road, the driver of such bus shall keep such school bus halted with red signal lights flashing until such passengers are at least fifteen feet from the bus and either off the highway, street or private road or on a sidewalk."

A violation of the provisions of Vehicle and Traffic Law § 1174 (b) results in strict liability without regard to the contributory negligence of the student *(Van Gaasbeck v Webatuck Cent. School Dist. No. 1,* 21 NY2d 239; *Sewar v Gagliardi Bros. Serv.,* 69 AD2d 281, *affd* 51 NY2d 752). On the other hand, the courts have refused to hold a school district liable for injuries incurred by students while traveling between home and the bus stop *(Pratt v Robinson, supra).* The determining factor in those cases is that of control. The Court in *Pratt (supra,* at 561) stated that, in certain situations, school districts have been held liable when school children were injured after they were technically discharged from the bus, but that

"the liability in those cases stemmed either from the fact that the injury occurred during the act of busing itself, broadly construed, or from the violation of a specific statutory duty to see children safely across *the street at which the bus is stopped,* when their route took them across that street. No such issues have been raised in this case, nor would any apply to the facts here. New York's Vehicle and Traffic Law (§ 1174, subd [b]), for example, requires school bus drivers to stop, to

remain stopped with their lights flashing, and to instruct children in the proper crossing of the street in front of the bus.

"As the court below in the *McDonald* case *([McDonald v Central School Dist. No. 3,]* 179 Misc 333, 336 *[, affd* 264 App Div 943, *affd* 289 NY 800])* indicated, these statutory duties have their genesis at least in part in the fact that, when children must cross the street where the bus stops, the bus itself acts as an obstacle to their clear view of oncoming traffic. Interestingly, even such statutorily based liability addresses itself to the students' transition from the area of transportation undertaken by the school district to the area which was outside its scope. In *Van Gaasbeck (supra),* we merely added that the breach of that statutory duty gives rise to absolute liability on the part of the school district; we did not in any way suggest any sphere of liability beyond the statutorily mandated one within the area of disembarkation".

The Court in *Pratt* concluded that the school district was not liable for the infant's injuries when she crossed a street a number of blocks away from where she had disembarked from the school bus.

■ Contrary to plaintiff's contentions, Vehicle and Traffic Law § 1174 (b) does not impose an obligation upon the school bus operator to instruct a student to wait across the street from a bus stop and to cross only after the school bus has arrived and stopped at the bus stop. Supreme Court thus correctly held that section 1174 (b) is not applicable to the facts of this case because the accident occurred before the bus arrived *(cf., Van Gaasbeck v Webatuck Cent. School Dist. No. 1,* 21 NY2d 239, *supra; Sewar v Gagliardi Bros. Serv.,* 69 AD2d 281, *supra).* That statute applies only to circumstances "when [the bus is] receiving or discharging passengers who must cross a public highway." To hold otherwise would place a broader duty on defendants than the Legislature intended.

In short, the School District and/or school bus company and bus operator had not assumed control over plaintiff's daughter at the time of the accident. Whether a student should cross the street to wait for the school bus to arrive at the bus stop or wait to cross the street until the school bus arrives is a decision for a student or parent to make, not a school district.

■ Likewise without merit are plaintiff's contentions that the School District was negligent because it violated the Education Law and the Commissioner's Regulations in con-

ducting a school bus drill at the beginning of the 1988 school year without including instructions on boarding procedures and in training its bus operators. Initially, the provisions regarding school bus drills are not applicable because they deal with emergency boarding and disembarking procedures. Additionally, there is no statute or regulation requiring that the School District instruct the students where to wait for the arrival of the school bus. Indeed, even if defendants failed to comply with the Education Law and the Commissioner's Regulations, liability would not arise because the statute and regulations do not place a duty on the School District to control a student's actions before the arrival of the school bus.

Plaintiff contended for the first time at oral argument of this appeal that, by instructing his daughter to cross the street and wait for the arrival of the bus at the bus stop, defendants deprived her of the protection afforded her under Vehicle and Traffic Law § 1174 (b) and, by doing so, established a special relationship that created a duty not otherwise imposed upon them. Plaintiff argues that, by so instructing his daughter, defendants became liable for any injuries that occurred by reason thereof. Because that contention was not raised before the motion court, it will not be considered *(see, LaserSurge, Inc. v McGuire,* 177 AD2d 1021; *Matter of Bligen v Kelly,* 126 AD2d 989; *Fuller v Martin,* 109 AD2d 1060).

Were we to consider that issue, we would find it to be without merit. A school district is not an insurer of the safety of its students *(Rock v Central Sq. School Dist.,* 113 AD2d 1008; *Lauricella v Board of Educ.,* 52 AD2d 710, *supra; Swiatkowski v Board of Educ.,* 36 AD2d 685). The school bus operator's alleged instructions that plaintiff's daughter should wait for the school bus at the bus stop across the street from her home did not establish a special relationship out of which a special duty was created *(see, e.g., Cuffy v City of New York,* 69 NY2d 255). The School District did not assume an affirmative duty, either through promise or action, to provide plaintiff's daughter with protection while she crossed the street prior to the arrival of the school bus; there is no proof that the alleged bus stop was unsafe; and there is no proof that plaintiff or his daughter relied on any promise or actions of the School District to provide her protection when she crossed the street. Absent a special relationship, there can be no duty *(Bruce v Hasbrouk,* 207 AD2d 10, and cases cited therein) and, absent duty, there can be no liability *(Pulka v Edelman,* 40 NY2d 781).

Accordingly, the orders appealed from should be affirmed.

PINE, J. P., FALLON and WESLEY, JJ., concur.

Order unanimously affirmed, without costs.