■ ROBERT E. HARKER, Individually and as Parent and Natural Guardian of SHAWNNA M. HARKER, an Infant, Respondent, v ROCHESTER CITY SCHOOL DISTRICT et al., Appellants. [661 NYS2d 332] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff's daughter, Shawnna, a seventh grade student at Charlotte Middle School, was cut on the cheek with a razor blade by Jessica, an eighth grade student at the same school, after they had both disembarked from a school bus. Plaintiff, individually and as parent and natural guardian of Shawnna, commenced this action against defendants, Rochester City School District (School District) and National School Bus Service, Inc. (National School Bus), the owner and operator of the school bus, alleging that they negligently discharged their respective duties and that each had actual or constructive notice of Jessica's dangerous propensities.

At her General Municipal Law § 50-h hearing, Shawnna testified that, whenever Jessica was on the bus, she would call Shawnna names and that, during the bus ride prior to the attack, Jessica struck her multiple times in the face with a seat belt. According to Shawnna, the bus driver had knowledge of the name-calling and saw Shawnna being struck.

Shawnna further testified that, on the day of the attack, Jessica gave the bus driver a note when she boarded. The note, which purported to be from Jessica's mother, requested that Jessica be permitted to disembark at the Birr Street bus stop, which was not her designated bus stop. The bus driver permitted Jessica to do so. Because Birr Street was Shawnna's designated bus stop, Shawnna also disembarked there. Several minutes later, and after the bus had turned the corner, Jessica and her friend, Mike, approached Shawnna from behind and pushed her down. Shawnna punched Jessica in the face and began to walk away. Jessica grabbed her, spun her around, and cut her cheek with a razor blade, resulting in a facial wound that required 30 stitches to close. Later, it was discovered that the note Jessica had presented to the bus driver was a forgery.

National School Bus moved for summary judgment dismissing the complaint, and the School District joined in the motion. Supreme Court erred in denying the motion.

It is well settled that "[a] school district owes a duty to its students to exercise the same degree of care toward them as would a reasonably prudent parent under similar circumstances" (*Merkley v Palmyra-Macedon Cent. School Dist.*, 130 AD2d 937, 938; *see, Lawes v Board of Educ.*, 16 NY2d 302, 305; *Ehlinger v Board of Educ.*, 96 AD2d 708). Stated another way, a school district has "a special relationship to its students * * * analogous to that between carriers and their passengers or innkeepers and their guests" (*Pratt v Robinson*, 39 NY2d 554, 560). A school district, however, is not an insurer of the safety of its students (*see, Ohman v Board of Educ.*, 300 NY 306, 309, *rearg denied* 301 NY 662; *Lauricella v Board of Educ.*, 52 AD2d 710, 711; *Swiatkowski v Board of Educ.*, 36 AD2d 685). The duty of a school district to its students "is strictly limited by time and space" and exists "only so long as a student is in its care and custody during school hours, and terminates when the child has departed from the school's custody" (*Norton v Canandaigua City School Dist.*, 208 AD2d 282, 285, *lv denied* 85 NY2d 812, *rearg denied* 86 NY2d 839; *see, Pratt v Robinson, supra*, at 560; *Griffith v City of New York*, 123 AD2d 830, 832, *lv dismissed and denied* 69 NY2d 729; *Lauricella v Board of Educ., supra*, at 711). The law with respect to the extent of the duty is equally applicable to the bus company (*see, Pratt v Robinson, supra*).

It is undisputed that the attack upon Shawnna occurred about five houses away from the bus stop, after the bus had turned the corner and after Shawnna was outside of the care and control of defendants (*see, Pratt v Robinson, supra*, at 560; *Norton v Canandaigua City School Dist., supra*, at 285-286; *Fornaro v Kerry*, 139 AD2d 561). Defendants owed no duty to Shawnna after she disembarked from the bus. Whether defendants knew or should have known of Jessica's violent propensities is not determinative.

In light of our determination, we do not address the remaining contentions raised on appeal. (Appeals from Order of Supreme Court, Monroe County, Siragusa, J.—Summary Judgment.) Present—Lawton, J. P., Callahan, Doerr, Balio and Boehm, JJ.