(March 16, 1998)

■ CASIE L. AHLERT, an Infant, by Her Mother and Natural Guardian, DONNA AHLERT, et al., Appellants, v CONNETQUOT CENTRAL SCHOOL DISTRICT OF ISLIP, Respondent. [669 NYS2d 884] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 27, 1997, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The infant plaintiff, who suffers from congenital osteogenesis imperfecta (a condition known as "brittle-bone disease"), was injured while on a school-sponsored field trip during regular school hours. The child was accompanied by her mother, in accordance with her usual practice while on out-of-school field trips. In addition, the infant plaintiff was accompanied by a school aide who was assigned to assist her in day-to-day school activities.

After spending most of the morning on the beach, the infant plaintiff wanted to watch students who were playing volleyball in a different area of the beach. The infant plaintiff's mother carried her off the beach and placed her in her wheelchair, which was located on the boardwalk. The infant plaintiff then wheeled herself toward the volleyball court while her mother and the school aide walked together approximately 10 feet behind. As the infant plaintiff moved toward the volleyball court, the wheelchair caught on an uneven portion of the boardwalk, and she fell out of the chair, sustaining injuries.

There is a question of fact as to whether, at the time of the accident, the infant plaintiff was in the custody and care of the defendant school district although her mother was present during the field trip (cf., Pratt v Robinson, 39 NY2d 554; Norton v Canandaigua City School Dist., 208 AD2d 282). Furthermore, there exist triable issues of fact as to whether the actions of the defendant were adequate and reasonable under the circumstances and, if not, whether the negligence is a proximate cause of the infant plaintiff's injuries (see, Mirand v City of New York, 84 NY2d 44, 49; Garcia v City of New York, 222 AD2d 192, 194). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.