■ ALEDIA GIVENS, Individually and as Administratrix of the Estate of STEPHNE J. GIVENS, Deceased, Appellant, v ROCHESTER CITY SCHOOL DISTRICT et al., Respondents. (Appeal No. 1.) [692 NYS2d 635] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting the motion of defendant National School Bus Service, Inc. (National) for summary judgment dismissing the complaint against it. This case is distinguishable from *Harker v Rochester City School Dist.* (241 AD2d 937, *lv denied* 90 NY2d 811, *rearg denied* 91 NY2d 957), and thus the court erred in relying on *Harker* in determining as a matter of law that National was not liable for the stabbing of plaintiff's decedent, who had just exited from National's school bus. Even assuming, arguendo, that National met its initial burden, we conclude that plaintiff raised a triable issue of fact whether the bus driver had notice that defendant Michelle Wright, the student who stabbed plaintiff's decedent, possessed a knife before she got off his bus. Plaintiff submitted the deposition testimony of Phillip Releford, a student who was on the school bus, who testified that, as Michelle was getting off the bus, he told the bus driver that she had a knife and that, when she was off the bus, he again told the driver that she had a knife. Plaintiff also submitted the affidavit of another student who averred that Phillip "yelled very loudly that Michelle had a knife about three times", so loudly that everyone on the bus heard him, including the bus driver, who turned around and looked in Phillip's direction. Although the bus driver submitted an affidavit in which he denied that he heard anyone refer to a knife or that he saw anyone with a knife, that affidavit merely raised an issue of credibility that should not be determined on a motion for summary judgment (*see, Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439, 441). We conclude that there is a triable issue of fact whether National breached its duty to supervise the students in its care (*cf., Pratt v Robinson,* 39 NY2d 554, 563).

The court further erred in concluding that plaintiff's decedent assumed the risk of her injury as a matter of law. Even assum-

ing, arguendo, that plaintiff's decedent voluntarily engaged in the fight, we conclude that she assumed only the foreseeable risks of such conduct; she did not assume the risk that, upon disengaging from the fight, she would be subjected to deadly physical force (*cf., Ruggerio v Board of Educ.*, 26 NY2d 849; *Borelli v Board of Educ.*, 156 AD2d 903, 904). Under these circumstances, whether there was an implied assumption of risk by plaintiff's decedent is an issue of comparative fault for jury resolution (*see,* CPLR 1411; *Shire v Mazzilli*, 203 AD2d 275). Therefore, we modify the order by denying the motion of National and reinstating the complaint against it. (Appeal from Order of Supreme Court, Monroe County, Lunn, J.—Summary Judgment.) Present—Denman, P. J., Hayes, Wisner, Hurlbutt and Callahan, JJ.

