# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1269**
**CA 12-00626**
PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

LISA A. JOHNSON, INDIVIDUALLY AND AS PARENT
AND NATURAL GUARDIAN OF VALERION JOHNSON,
AN INFANT, PLAINTIFF-RESPONDENT,

                    V                                      MEMORANDUM AND ORDER

ROCHESTER CITY SCHOOL DISTRICT,
DEFENDANT-APPELLANT.

---

CHARLES G. JOHNSON, ROCHESTER (CARA M. BRIGGS OF COUNSEL), FOR
DEFENDANT-APPELLANT.

CHRISTOPHER S. CIACCIO, ROCHESTER, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered December 5, 2011. The order denied the motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries sustained by her son when a fellow student assaulted him at a city transit bus stop across the street from their school building after school's dismissal. Defendant moved for summary judgment dismissing the complaint on the grounds that it had no duty to supervise students off school premises after dismissal from school; that the assault could not have been foreseen or prevented; and that the level of supervision that it provided was not a proximate cause of the injuries to plaintiff's son. We agree with defendant that Supreme Court erred in denying its motion.

The duty of a school district to its students "is strictly limited by time and space," i.e., it "exists only so long as a student is in its care and custody during school hours, and terminates when the child has departed from the school's custody" (*Norton v Canandaigua City School Dist*., 208 AD2d 282, 285, *lv denied* 85 NY2d 812, *rearg denied* 86 NY2d 839; *see Harker v Rochester City School Dist*., 241 AD2d 937, 938, *lv denied* 90 NY2d 811, *rearg denied* 91 NY2d 957). Here, defendant established its entitlement to judgment as a matter of law with respect to the element of duty by demonstrating that plaintiff's son was safely dismissed from school grounds before the assault, which occurred beyond the boundaries of school property

(*see Bowers v City of New York*, 294 AD2d 526, 527, *lv denied* 98 NY2d 613).  The evidence that plaintiff submitted in opposition to summary judgment was insufficient as a matter of law to raise a triable issue of fact on that element, i.e., whether plaintiff's son was within defendant's custody and control at the time of the assault such that it owed him a duty of adequate supervision.  Plaintiff's assertion that defendant knew or should have known of the assailant's alleged violent propensities before or on the day of the assault is therefore insufficient to raise the triable issue of fact necessary to defeat the motion (*see Harker*, 241 AD2d at 938).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court