# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

19
CA 12-00861
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND SCONIERS, JJ.

---

RHONDA WILLIAMS, INDIVIDUALLY AND AS PARENT
AND NATURAL GUARDIAN OF ALEXANDRA WILLIAMS,
AN INFANT, PLAINTIFF-RESPONDENT,

V                                      MEMORANDUM AND ORDER

SHARON T. WEATHERSTONE, DEFENDANT,
AND JORDAN-ELBRIDGE CENTRAL SCHOOL DISTRICT,
DEFENDANT-APPELLANT.

---

PETRONE & PETRONE, UTICA, CONGDON, FLAHERTY, O'CALLAGHAN, REID,
DONLON, TRAVIS & FISHLINGER, UNIONDALE (CHRISTINE GASSER OF COUNSEL),
FOR DEFENDANT-APPELLANT.

HARRIS BEACH PLLC, PITTSFORD (A. VINCENT BUZARD OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County
(Anthony J. Paris, J.), entered March 2, 2012 in a personal injury
action. The order denied the motion of defendant Jordan-Elbridge
Central School District for summary judgment.

It is hereby ORDERED that the order so appealed from is modified
on the law by granting the motion in part and dismissing the complaint
against defendant Jordan-Elbridge Central School District, as
amplified by the bill of particulars, insofar as it alleges negligence
based upon violations of the Vehicle and Traffic Law and as modified
the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries sustained by her 12-year-old daughter when she was struck by
a vehicle owned and operated by defendant Sharon T. Weatherstone.
Shortly before the accident, plaintiff's daughter, a student in sixth
grade at Jordan-Elbridge Central School District (defendant), was
waiting at her school bus stop at the end of her driveway when the
school bus driver mistakenly passed her. The bus continued a short
distance and then turned around and approached the child on the
opposite side of the road. The bus driver testified at his deposition
that he intended to turn around again and pick up the child at her
stop. The child, however, crossed the road in an effort to catch the
bus on the opposite side of the road, and Weatherstone's vehicle
struck her. Following discovery, defendant moved for summary judgment
dismissing the complaint and cross claim against it, contending, inter
alia, that it owed no duty of care to the child because she was not in

defendant's custody or control when the accident occurred, and that its alleged negligence was not a proximate cause of the accident. Supreme Court denied the motion, concluding that, under the "unique and extraordinary facts and circumstances" of this case, defendant owed a duty to the child and that issues of fact exist with respect to proximate cause. We agree and conclude that, under the facts presented here, defendant breached its duty to transport the child to school in a safe manner.

It is axiomatic that a school district that undertakes to transport children to school "must perform [that undertaking] in a careful and prudent manner" (*Pratt v Robinson*, 39 NY2d 554, 561; *see McDonald v Central Sch. Dist. No. 3 of Towns of Romulus, Varick & Fayette, Seneca County*, 179 Misc 333, 335, *affd* 264 App Div 943, *affd* 289 NY 800). We recognize the well-established principle that "the duty owed by a school to its students . . . stems from the fact of its physical custody over them" (*Pratt*, 39 NY2d at 560; *see Dalton v Memminger*, 67 AD3d 1350, 1350-1351). We reject plaintiff's contention that defendant owed the child a duty of care in these circumstances by virtue of her status as a special education student with an individualized education program (IEP). With respect to her special transportation needs, the child's IEP required only that defendant provide transportation to school. The IEP did not place her within defendant's " 'orbit of authority' " while she waited for the school bus (*Troy v North Collins Cent. Sch. Dist.*, 267 AD2d 1023, 1023), nor did the IEP give rise to a duty on the part of defendant to ensure that the child was safe while waiting for the bus outside her home (*cf. id.*). We nevertheless conclude under the facts presented here that the child was within the orbit of defendant's authority such that defendant owed a duty to the child based upon the actions of defendant; i.e., the bus arrived at the bus stop, passed it, and the driver turned around to pick up the child. Thus, "the injury occurred during the act of busing itself, broadly construed" (*Pratt*, 39 NY2d at 561; *cf. Norton v Canandaigua City Sch. Dist.*, 208 AD2d 282, 286, *lv denied* 85 NY2d 812, *rearg denied* 86 NY2d 839). " '[T]he risk reasonably to be perceived defines the duty to be obeyed, *and risk imports relation*' " (*Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 585, quoting *Palsgraf v Long Is. R.R. Co.*, 248 NY 339, 344, *rearg denied* 249 NY 511). Where, as here, it was reasonably foreseeable that the child would be placed "into a foreseeably hazardous setting [defendant] had a hand in creating," defendant owed a duty to the child (*Ernest v Red Cr. Cent. Sch. Dist.*, 93 NY2d 664, 672, *rearg denied* 93 NY2d 1042; *cf. Pratt*, 39 NY2d at 560-561; *Norton*, 208 AD2d at 287).

We further conclude that the court properly denied the motion on the ground that there is an issue of fact whether defendant's alleged negligence was a proximate cause of the accident. " 'Proximate cause is a question of fact for the jury where[, as here,] varying inferences are possible' " (*Ernest*, 93 NY2d at 674).

We agree with defendant, however, that the court erred in denying that part of its motion seeking to dismiss the complaint against it, as amplified by the bill of particulars, insofar as it alleges that

defendant was negligent based on its violation of various Vehicle and Traffic Law sections. Defendant established its entitlement to judgment in that respect, and plaintiff failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 57 NY2d 557, 561). We therefore modify the order accordingly.

All concur except CARNI and LINDLEY, JJ., who dissent in part and vote to reverse in accordance with the following Memorandum: We respectfully dissent in part. We agree with the majority that Supreme Court properly determined that issues of fact exist with respect to negligence and proximate cause. We further agree that the court erred in denying that part of the motion of Jordan-Elbridge Central School District (defendant) seeking dismissal of the complaint, as amplified by the bill of particulars, to the extent that the complaint alleges that defendant was negligent based on its violation of various provisions of the Vehicle and Traffic Law. Unlike the majority, however, we conclude that defendant owed no duty of care to plaintiff's daughter. We therefore would reverse the order and grant in its entirety defendant's motion for summary judgment dismissing the complaint and cross claim against it.

It is well settled that the duty owed by defendant to the child was "coextensive with and concomitant to its physical custody of and control over the child" (*Pratt v Robinson*, 39 NY2d 554, 560; *see Norton v Canandaigua City Sch. Dist.*, 208 AD2d 282, 285-286, *lv denied* 85 NY2d 812, *rearg denied* 86 NY2d 839). At the time of the accident, defendant had not assumed physical custody of the child and she thus remained "out of the orbit of its authority" (*Pratt*, 39 NY2d at 560). Defendant thus owed no duty to the child in this situation, "and, absent duty, there can be no liability" (*Norton*, 208 AD2d at 288).

We reject plaintiff's contention that defendant assumed a duty to the child as a consequence of the "potentially hazardous situation" allegedly created by the school bus driver in turning the bus around after missing the bus stop (*Ernest v Red Cr. Cent. Sch. Dist.*, 93 NY2d 664, 671, *rearg denied* 93 NY2d 1042). Unlike the defendant school district in *Ernest*, here defendant did not release the child from its custody and control into a situation of immediate and foreseeable danger (*cf. id.* at 671-672; *McDonald v Central School Dist. No. 3 of Towns of Romulus, Varick & Fayette*, *Seneca County*, 179 Misc 333, 335-336, *affd* 264 App Div 943, *affd* 289 NY 800). In fact, the child was never in defendant's custody or control on the day of the accident. Instead, the child was and remained in the custody and care of plaintiff, her mother, who was at home at the time of the accident. Plaintiff has cited no cases, and we could find none, where a school district was found to owe a duty of care to a child who was not in its custody at the time of the injury or who was not released from the school district's custody into a hazardous condition that caused the child's injury.

Finally, as the majority concludes, the child's individualized education program did not give rise to a duty on the part of defendant to ensure that she was safe while waiting outside her home for the bus to arrive in the morning (*cf. Troy v North Collins Cent. Sch. Dist.*,

267 AD3d 1023, 1023).

Entered:  March 22, 2013                    Frances E. Cafarell
                                           Clerk of the Court