# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

969
CA 14-00251
PRESENT: SMITH, J.P., FAHEY, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

DONNA RITCHIE, AS PARENT AND NATURAL GUARDIAN
OF THOMAS RITCHIE, JR., AN INFANT,
PLAINTIFF-APPELLANT,

V                                           MEMORANDUM AND ORDER

CHURCHVILLE-CHILI CENTRAL SCHOOL DISTRICT AND
AARON TWIGG, AS AN EMPLOYEE OF CHURCHVILLE-CHILI
CENTRAL SCHOOL DISTRICT, DEFENDANTS-RESPONDENTS.

---

TREVETT CRISTO SALZER & ANDOLINA P.C., ROCHESTER (VALERIE L. BARBIC OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

OSBORN, REED & BURKE, LLP, ROCHESTER (AIMEE LAFEVER KOCH OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered May 10, 2013. The order granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries sustained by her infant son when he was struck by a motor vehicle. Shortly before the accident, plaintiff's son, a student in defendant Churchville-Chili Central School District was dropped off across the street from a lacrosse team fundraiser, in which he and his mother planned on participating. Plaintiff directed her son to "stay there" with the other team members in order to direct vehicles into the parking area for the fundraiser while she went across the street to assist with serving food. A teammate told plaintiff's son to confirm his attendance by going to check in with a coach. Plaintiff's son crossed the street to do so and was struck by a passing vehicle.

Defendants moved for summary judgment dismissing the complaint contending, inter alia, that they owed no duty of care to plaintiff's son because he was not in their custody or control when the accident occurred. We conclude that Supreme Court properly granted the motion.

As a preliminary matter, we reject plaintiff's contention that defendants' motion for summary judgment was premature (*see Resetarits Constr. Corp. v Elizabeth Pierce Olmstead, M.D. Center for the Visually Impaired* [appeal No. 2], 118 AD3d 1454, 1455-1456). With

respect to the merits of the case, it is well settled that "[t]he duty of a school district to its students is strictly limited by time and space and exists only so long as a student is in its care and custody" (*Harker v Rochester City Sch. Dist.*, 241 AD2d 937, 938 [internal quotation marks omitted], *lv denied* 90 NY2d 811, *rearg denied* 91 NY2d 957; *see Dalton v Memminger*, 67 AD3d 1350, 1350-1351; *Norton v Canandaigua City Sch. Dist.*, 208 AD2d 282, 285, *lv denied* 85 NY2d 812, *rearg denied* 86 NY2d 839; *see also Pratt v Robinson*, 39 NY2d 554, 560).  We reject plaintiff's contention that defendants owed plaintiff's son a duty of care under the circumstances here.  When plaintiff dropped off her son and told him to "stay there," she made a parental decision to keep her son across the street because she was concerned about him "crossing over" given that there was "lots of traffic" in the intersection where the accident occurred.  Thus, plaintiff had not relinquished control of her son, and defendants had not yet gained the physical custody or control of him that is a prerequisite to imposing a legal duty on them (*see e.g. Norton*, 208 AD2d at 287; *see also Ramo v Serrano*, 301 AD2d 640, 641; *Silver v Cooper*, 199 AD2d 255, 256, *lv denied* 83 NY2d 753).  The fact that plaintiff's son disobeyed plaintiff's directive and crossed the street does not change that legal result.

We reject plaintiff's further contention that defendants owed plaintiff's son a duty because the defendants placed plaintiff's son in a "for[e]seeably dangerous setting that the [defendants] had a hand in creating."  Because the child was never in the physical custody or control of the defendants, however, the defendants were "never in a position to . . . release [plaintiff's son] into a hazardous setting" (*Williams v Weatherstone*, 23 NY3d 384, 401).

Entered:  November 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court